IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
IN OPEN COURT

MAY 1 2 2014

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.                    ) | Criminal No.1:11cr308 |
| ) | |
| GONZALO PEINADO DURANGO (16), ) | The Honorable Liam O'Grady |
| also known as "Pedro," ) | |
| also known as "Chamo," ) | |
| also known as "Chamito," ) | |
| ) | |
| Defendant.            ) | |

## PLEA AGREEMENT

Dana J. Boente, United States Attorney for the Eastern District of Virginia, Lynn E.

Haaland, and Michael P. Ben'Ary, Assistant United States Attorneys, the defendant, GONZALO

PEINADO DURANGO, and the defendant's counsel have entered into an agreement pursuant to

Rule 11 of the Federal Rules of Criminal Procedure.   The terms of the agreement are as follows:

### 1.    Offense and Maximum Penalties

The defendant agrees to plead guilty to Count One of the Indictment charging the

defendant with conspiracy to distribute of five or more kilograms of cocaine for the purpose of

unlawful importation, in violation of Title 21, United States Code, Sections 959, and 963, and Title

18, United States Code, Section 2.   The maximum penalties for this offense are:   a mandatory

minimum term of imprisonment of ten years, a maximum term of life imprisonment, a fine of

$10,000,000, a special assessment, and at least five years of supervised release.   The defendant

understands that this supervised release term is in addition to any prison term the defendant may

receive, and that a violation of a term of supervised release could result in the defendant being

returned to prison for the full term of supervised release.

**2.     Detention Pending Sentencing**

The defendant understands that this case is governed by Title 18, United States Code, Sections 3143(a)(2) and 3145(c).   These provisions provide that a judicial officer shall order that a person who has been found guilty of an offense of this kind be detained unless there are statutory justifications why such person's detention would not be appropriate.

**3.     Factual Basis for the Plea**

The defendant will plead guilty because the defendant is in fact guilty of the charged offense.   The defendant admits the facts set forth in the statement of facts filed with this plea agreement and agrees that those facts establish guilt of the offense charged beyond a reasonable doubt.   The statement of facts, which is hereby incorporated into this plea agreement, constitutes a stipulation of facts for purposes of Section 1B1.2(a) of the Sentencing Guidelines.

**4.     Assistance and Advice of Counsel**

The defendant is satisfied that the defendant's attorney has rendered effective assistance. The defendant understands that by entering into this agreement, defendant surrenders certain rights as provided in this agreement.   The defendant understands that the rights of criminal defendants include the following:

    a.     the right to plead not guilty and to persist in that plea;

    b.     the right to indictment by a federal grand jury;

    c.     the right to a jury trial;

    d.     the right to be represented by counsel – and if necessary have the court
           appoint counsel – at trial and at every other stage of the proceedings; and

    e.     the right at trial to confront and cross-examine adverse witnesses, to be
           protected from compelled self-incrimination, to testify and present

2

evidence, and to compel the attendance of witnesses.

**5.     Role of the Court and the Probation Office**

The defendant understands that the Court has jurisdiction and authority to impose any

sentence within the statutory maximum described above but that the Court will determine the

defendant's actual sentence in accordance with Title 18, United States Code, Section 3553(a).

The defendant understands that the Court has not yet determined a sentence and that any estimate

of the advisory sentencing range under the U.S. Sentencing Commission's Sentencing Guidelines

Manual the defendant may have received from the defendant's counsel, the United States, or the

Probation Office, is a prediction, not a promise, and is not binding on the United States, the

Probation Office, or the Court.   Additionally, pursuant to the Supreme Court's decision in *United*

*States v. Booker*, 543 U.S. 220, 125 S. Ct. 738 (2005), the Court, after considering the factors set

forth in Title 18, United States Code, Section 3553(a), may impose a sentence above or below the

advisory sentencing range, subject only to review by higher courts for reasonableness.   The

United States makes no promise or representation concerning what sentence the defendant will

receive, and the defendant cannot withdraw a guilty plea based upon the actual sentence.   Further,

in accordance with Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the United States

and the defendant will recommend to the Court that the following provisions of the Sentencing

Guidelines apply:

a.      Pursuant to Section 2D1.1(c)(1) of the Sentencing Guidelines, relating to Drug

Quantity, the defendant was personally involved in the importation of, or it was

reasonably foreseeable to the defendant that his co-conspirators manufactured or

distributed 150 kilograms or more of cocaine knowing or intending that it would

be unlawfully imported into the United States (Level 38).

3

b.     The United States and the defendant agree that the defendant has assisted the government in the investigation and prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.   If the defendant qualifies for a two-level decrease in offense level pursuant to U.S.S.G. § 3E1.1(a) and the offense level prior to the operation of that section is a level 16 or greater, the government agrees to file, pursuant to U.S.S.G. § 3E1.1(b), a motion prior to, or at the time of, sentencing for an additional one-level decrease in the defendant's offense level.

c.     Pursuant to Sections 5C1.2 and 2D1.1(b)(11), the defendant may be "Safety Valve" eligible and entitled to a two-level reduction in his offense level, provided that the defendant does not have more than one criminal history point, as determined under the Sentencing Guidelines, and if he qualifies by providing to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, unless the defendant has no relevant or useful other information to provide or the Government is already aware of the information, in accordance with Section 5C1.2(a)(5).

These recommendations are not binding on the Court or the Probation Office.   The parties have no agreement as to the applicability or inapplicability of other Sentencing Guidelines provisions.

**6.     Waiver of Appeal, FOIA and Privacy Act Rights**

The defendant also understands that Title 18, United States Code, Section 3742 affords a

defendant the right to appeal the sentence imposed.   Nonetheless, the defendant knowingly

waives the right to appeal the conviction and any sentence within the statutory maximum

described above (or the manner in which that sentence was determined) on the grounds set forth

in Title 18, United States Code, Section 3742 or on any ground whatsoever, in exchange for the

concessions made by the United States in this plea agreement.   This agreement does not affect

the rights or obligations of the United States as set forth in Title 18, United States Code, Section

3742(b).   The defendant also hereby waives all rights, whether asserted directly or by a

representative, to request or receive from any department or agency of the United States any

records pertaining to the investigation or prosecution of this case, including without limitation

any records that may be sought under the Freedom of Information Act, Title 5, United States

Code, Section 552, or the Privacy Act, Title 5, United States Code, Section 552a.

### 7.    Special Assessment

Before sentencing in this case, the defendant agrees to pay a mandatory special

assessment of one hundred dollars ($100.00) per count of conviction.

### 8.    Payment of Monetary Penalties

The defendant understands and agrees that, pursuant to Title 18, United States Code,

Section 3613, whatever monetary penalties are imposed by the Court will be due immediately

and subject to immediate enforcement by the United States as provided for in Section 3613.

Furthermore, within 14 days of a request, the defendant agrees to provide all of his financial

information to the United States and the Probation Office and, if requested, to participate in a

pre-sentencing debtor's examination and/or complete a financial statement under penalty of

perjury.   If the Court imposes a schedule of payments, the defendant understands that the

schedule of payments is merely a minimum schedule of payments and not the only method, nor a

5

limitation on the methods, available to the United States to enforce the judgment.   If the defendant is incarcerated, the defendant agrees to voluntarily participate in the Bureau of Prisons' Inmate Financial Responsibility Program, regardless of whether the Court specifically directs participation or imposes a schedule of payments.

**9.     Immunity from Further Prosecution in this District**

The United States will not further criminally prosecute the defendant in the Eastern District of Virginia for the specific conduct described in the information or statement of facts, except that the United States may prosecute the defendant for any crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence not charged in the information as an offense.   In such a prosecution the United States may allege and prove conduct described in the information or statement of facts.   "Crime of violence" has the meaning set forth in Title 18, United States Code, Section 16.

**10.     Dismissal of Other Counts**

As a condition of the execution of this agreement and the Court's acceptance of the defendant's plea of guilty, the United States will move to dismiss the remaining counts of the indictment against this defendant.

**11.     Defendant's Cooperation**

The defendant agrees to cooperate fully and truthfully with the United States and Colombia, and provide all information known to the defendant regarding any criminal activity as requested by the government.   In that regard:

> a.   The defendant agrees to testify truthfully and completely at any grand juries, trials or other proceedings.
>
> b.   The defendant agrees to be available for debriefing and pre-trial

6

conferences as the United States may require.

c. The defendant shall be interviewed by United States law enforcement agents, United States officials and/or attorneys representing the United States. The defendant has the right to have defendant's counsel present during these interviews. The defendant agrees, nonetheless, that any interviews/debriefings may be conducted without defendant's counsel present as long as defendant's counsel is notified and provided the opportunity to attend.

d. The defendant agrees to provide all documents, records, writings, or materials of any kind in the defendant's possession or under the defendant's care, custody, or control relating directly or indirectly to all areas of inquiry and investigation.

e. The defendant agrees that the Statement of Facts is limited to information to support the plea. The defendant will provide more detailed facts relating to this case during ensuing debriefings.

f. The defendant is hereby on notice that the defendant may not violate any federal, state, or local criminal law while cooperating with the government, and that the government will, in its discretion, consider any such violation in evaluating whether to file a motion for a downward departure or reduction of sentence.

g. Nothing in this agreement places any obligation on the government to seek the defendant's cooperation or assistance.

7

## 12.    Use of Information Provided by the Defendant Under This Agreement

The United States will not use any truthful information provided pursuant to this agreement in any criminal prosecution against the defendant in the Eastern District of Virginia, except in any prosecution for a crime of violence or conspiracy to commit, or aiding and abetting, a crime of violence (as defined in Title 18, United States Code, Section 16).   Pursuant to U.S.S.G. section 1B1.8, no truthful information that the defendant provides under this agreement will be used in determining the applicable guideline range, except as provided in section 1B1.8(b).   Nothing in this plea agreement, however, restricts the Court's or Probation Officer's access to information and records in the possession of the United States.   Furthermore, nothing in this agreement prevents the government in any way from prosecuting the defendant should the defendant knowingly provide false, untruthful, or perjurious information or testimony, or from using information provided by the defendant in furtherance of any forfeiture action, whether criminal or civil, administrative or judicial.   The United States will bring this plea agreement and the full extent of the defendant's cooperation to the attention of other prosecuting offices if requested.

## 13.    Defendant Must Provide Full, Complete and Truthful Cooperation

This plea agreement is not conditioned upon charges being brought against any other individual.   This plea agreement is not conditioned upon any outcome in any pending investigation.   This plea agreement is not conditioned upon any result in any future prosecution which may occur because of the defendant's cooperation.   This plea agreement is not conditioned upon any result in any future grand jury presentation or trial involving charges resulting from this investigation.   This plea agreement is conditioned upon the defendant providing full, complete and truthful cooperation.

8

### 14.    Motion for a Downward Departure

The parties agree that the United States reserves the right to seek any departure from the applicable sentencing guidelines, pursuant to Section 5K1.1 of the Sentencing Guidelines and Policy Statements, or any reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure, if, in its sole discretion, the United States determines that such a departure or reduction of sentence is appropriate.

### 15.    Forfeiture Agreement

The defendant agrees to forfeit all interests in any drug related asset that the defendant owns or over which the defendant exercises control, directly or indirectly, as well as any property that is traceable to, derived from, fungible with, or a substitute for property that constitutes the proceeds of his offense.   The defendant further agrees to waive all interest in the asset(s) in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal, in the United States or Colombia.   The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.   The defendant understands that the forfeiture of assets is part of the sentence that may be imposed in this case.   Defendant admits and agrees that the conduct described in the charging instrument and Statement of Facts provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government.

### 16.    Waiver of Further Review of Forfeiture

The defendant further agrees to waive all constitutional and statutory challenges to forfeiture in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the

9

forfeiture constitutes an excessive fine or punishment.   The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J).   The defendant agrees to take all steps as requested by the United States to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding.   The defendant understands and agrees that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct or substitute assets for property otherwise subject to forfeiture.

### 17.    The Defendant's Obligations Regarding Assets Subject to Forfeiture

Upon request by the government, the defendant agrees to identify all assets in which the defendant had any interest or over which the defendant exercises or exercised control, directly or indirectly, within the past 20 years.   The defendant agrees to take all steps as requested by the United States to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant.   The defendant agrees to undergo any polygraph examination the United States may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years.

### 18.    Impact of Guilty Plea on Immigration Status

The defendant recognizes that pleading guilty may have consequences with respect to defendant's immigration status if defendant is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty.   Because removal and other immigration consequences are the subjects of a separate proceeding, the defendant understands that no one, including defendant's attorney or the District Court, can predict to a certainty the effect of the defendant's conviction on defendant's immigration status.   Defendant nevertheless affirms that defendant wants to plead guilty

10

regardless of any immigration consequences that defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

### 19. Breach of the Plea Agreement and Remedies

This agreement is effective when signed by the defendant, the defendant's attorney, and an attorney for the United States. The defendant agrees to entry of this plea agreement at the date and time scheduled with the Court by the United States (in consultation with the defendant's attorney). If the defendant withdraws from this agreement, or commits or attempts to commit any additional federal, state or local crimes, or intentionally gives materially false, incomplete, or misleading testimony or information, or otherwise violates any provision of this agreement, then:

     a. The United States will be released from its obligations under this agreement, including any obligation to seek a downward departure or a reduction in sentence. The defendant, however, may not withdraw the guilty plea entered pursuant to this agreement;

     b. The defendant will be subject to prosecution for any federal criminal violation, including, but not limited to, perjury and obstruction of justice, that is not time-barred by the applicable statute of limitations on the date this agreement is signed. Notwithstanding the subsequent expiration of the statute of limitations, in any such prosecution, the defendant agrees to waive any statute-of-limitations defense; and

     c. Any prosecution, including the prosecution that is the subject of this agreement, may be premised upon any information provided, or statements made, by the defendant, and all such information, statements, and leads derived therefrom may be used against the defendant. The defendant

11

waives any right to claim that statements made before or after the date of this agreement, including the statement of facts accompanying this agreement or adopted by the defendant and any other statements made pursuant to this or any other agreement with the United States, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines or any other provision of the Constitution or federal law.

Any alleged breach of this agreement by either party shall be determined by the Court in an appropriate proceeding at which the defendant's disclosures and documentary evidence shall be admissible and at which the moving party shall be required to establish a breach of the plea agreement by a preponderance of the evidence. The proceeding established by this paragraph does not apply, however, to the decision of the United States whether to file a motion based on "substantial assistance" as that phrase is used in Rule 35(b) of the Federal Rules of Criminal Procedure and Section 5K1.1 of the Sentencing Guidelines and Policy Statements. The defendant agrees that the decision whether to file such a motion rests in the sole discretion of the United States.

### 20. Nature of the Agreement and Modifications

This written agreement constitutes the complete plea agreement between the United States, the defendant, and the defendant's counsel. The defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in writing in this plea agreement, to cause the defendant to plead guilty. Any modification of this plea agreement shall be valid only as set forth in writing in a supplemental or revised plea agreement signed by all parties.

Dana J. Boente
United States Attorney

By: _____

Michael P. Ben'Ary
Lynn E. Haaland
Assistant United States Attorneys

Defendant's Signature:   I hereby agree that I have consulted with my attorney and fully understand all rights with respect to the pending criminal information.   Further, I fully understand all rights with respect to Title 18, United States Code, Section 3553 and the provisions of the Sentencing Guidelines Manual that may apply in my case.   I have read this plea agreement and carefully reviewed every part of it with my attorney.   I understand this agreement and voluntarily agree to it.

Date: _____5 - 12 -14_____     Gonzalo E. Peinado Durango
                                               GONZALO PEINADO DURANGO
                                               Defendant

Defense Counsel Signature: I am counsel for the defendant in this case.   I have fully explained to the defendant the defendant's rights with respect to the pending information. Further, I have reviewed Title 18, United States Code, Section 3553 and the Sentencing Guidelines Manual, and I have fully explained to the defendant the provisions that may apply in this case.   I have carefully reviewed every part of this plea agreement with the defendant.   To my knowledge, the defendant's decision to enter into this agreement is an informed and voluntary one.

Date: _____5 - 12 - 14_____     _____
                                               Daniel Lopz, Esq.
                                               Counsel for the Defendant

14