IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | CRIMINAL NO. 1:11-CR-308 |
| v. | ) | |
| | ) | Sentencing Date: September 12, 2014 |
| GONZALO PEINADO DURANGO, | ) | |
| | ) | The Honorable Liam O'Grady |
| Defendant. | ) | |

**MOTION FOR ONE-LEVEL REDUCTION PURSUANT TO U.S.S.G § 3E1.1(b) AND POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, by its attorney, Dana J. Boente, the United States Attorney, and Michael P. Ben'Ary and Lynn E. Haaland, Assistant U.S. Attorneys, and in accord with the United States Sentencing Commission, *Guidelines Manual*, § 6A1.2 and the policy of this Court, files its position on the sentencing of the defendant, Gonzalo Peinado Durango. The United States hereby moves for a one-level reduction of the defendant's Sentencing Guidelines level pursuant to U.S.S.G § 3E1.1(b) in recognition of the defendant's timely guilty plea. Additionally, it is the policy of the Department of Justice that the base offense levels for drug cases should be reduced by two levels. Further, the United States asks the Court to impose a sentence that reflects the defendant's role in the organization, which was, essentially to guard warehouses in the area of Baranquilla, Colombia, and assist in loading the cocaine into shipping containers.

I.   ARGUMENT

   A.  **Statutory Sentencing Factors**

Section 3553(a) requires a sentencing court to consider the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence imposed to: reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

   1. **Nature and Circumstances of the Offense**

The defendant was hired by the organization to man a warehouse on the outskirts of one of the Colombian port cities. The group used this warehouse to offload the cocaine from the trucks, which came from the area of the production facilities, store the cocaine until the shipping containers with the hidden compartments were ready, and load the cocaine into hidden compartments within the shipping containers. The defendant essentially stood watch over the warehouse during times when cocaine was present. The defendant also helped to load the cocaine into the shipping containers. This was not sophisticated work, and the defendant was not a decision maker within the group. When ranking the members of this organization in terms of involvement and importance to the overall scheme, it is clear that this defendant would be ranked at or near the lower end.

   2. **Characteristics of the Defendant**

The defendant has no known criminal history, and was not a leader within this drug trafficking organization. The Court should consider the time that the defendant served in

Colombian prison awaiting extradition in deciding the appropriate sentence. As confirmed by the United States Marshals Service, the Bureau of Prisons will give the defendant credit for the time that he has served in Colombia, so long as the period of time appears in the PSR, as it does on the first page, and the judgment indicates that credit should be given. The Court can also consider the conditions of confinement in Colombia, however, all of the defendants in this case were housed at the same facility in Colombia for the period between their arrest and extradition to the United States. So, this defendant should be given an equal amount of credit as the other previously sentenced defendants, as adjusted for his actual time of incarceration.

### 3. **Deterrence**

It is important that the sentences imposed in international drug trafficking cases provide a significant disincentive to others that are engaging in this type of activity. The Colombian drug trafficking community is well aware that when they take steps to export illegal drugs to the United States, it puts them at significant risk to be charged in the United States and extradited. By imposing strong sentences in these types of cases, United States courts can ensure that no international drug traffickers will view a United States prosecution as a mere cost of doing business.

### 4. **Sentencing Disparities**

In avoiding unwarranted sentencing disparities, it is necessary to take into account the sentences imposed on other conspirators and their relative culpability. As stated above, this defendant's role ranks at or near the lower end of the spectrum that the Court has seen in this case. The Court should sentence the defendant with that in mind.

## II. CONCLUSION

For the above-stated reasons, the United States submits that a sentence that reflects the defendant's role in this large-scale, internationally cocaine trafficking organization, would be reasonable and account for each of the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

Dana J. Boente
United States Attorney

   /s/
Michael P. Ben'Ary
Lynn E. Haaland
Assistant United States Attorneys
United States Attorney's Office
Justin W. Williams U.S. Attorney's Building
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone:   703-299-3700
michael.ben'ary2@usdoj.gov
lynn.haaland@usdoj.gov4

CERTIFICATE OF SERVICE

       I hereby certify that on this 5th day of September, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

    Daniel T. Lopez, Esq.
    Counsel for Gonzalo Peinado Durango

                                              /s/
                                           Michael P. Ben'Ary
                                           Assistant United States Attorney
                                           United States Attorney's Office
                                           Justin W. Williams U.S. Attorney's Building
                                           2100 Jamieson Avenue
                                           Alexandria, Virginia 22314
                                           Telephone:   703-299-3700
                                           michael.ben'ary2@usdoj.gov